UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
UNITED STATES OF AMERICA,

                        Plaintiff,

  -against-

SONGKRAM ROY SAHACHAISERE,

                       Defendants.
------------------------------------------------------------- x

MEMORANDUM & ORDER

13-CR-452 (ENV)

VITALIANO, D.J.

    On November 9, 2015, defendant Songkram Roy Sahachaisere was convicted by a jury on five counts of securities and wire fraud related to Sahachaisere's participation in a "pump and dump" penny stock market manipulation scheme.[1] He was sentenced, on February 23, 2018, to a concurrent 27-month term of imprisonment on each count of conviction. Just one installment in his post-verdict litigation strategy, Sahachaisere moved by letter request, on June 14, 2018, for bail pending appeal, pursuant to 18 U.S.C. § 3143(b)(1). *See* Def. Mot., Dkt. No. 493. The government filed its opposition on July 6, 2018. *See* Gov't Opp., Dkt. No. 499. For the reasons that follow, the motion is denied.

### Discussion

    Motions seeking bail pending appeal are governed by 18 U.S.C. § 3143(b), which provides, as applicable here, that a court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment" be detained pending appeal, unless the

---

[1]     Familiarity of the parties with the pertinent facts is presumed. They will not be needlessly repeated here.

1



court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ...; and
>
> (B) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). In cases like Sahachaisere's, there is a "presumption in favor of detention," and it is the defendant's burden "to rebut that presumption with clear and convincing evidence." *United States v. Abuhamra*, 389 F.3d 309, 319-20 (2d Cir. 2004); *see also United States v. Razzouk*, No. 11-CR-430 (ARR), 2018 WL 3062585, at *1 (E.D.N.Y. June 21, 2018).

Both parties agree, and the Court concurs, that Sahachaisere does not pose a flight risk or a danger to the community, nor is there any suggestion that the appeal is for purposes of delay. The only issue before the Court is whether defendant has raised a substantial question of law or fact on appeal that is likely to result in reversal, a new trial, or a sentence that either does not include a term of imprisonment or includes a term of imprisonment shorter than the expected duration of the appeal process. For a question to be "substantial," a defendant must show that the issue is "a close question or one that very well could be decided the other way." *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985), *cert. denied*, 474 U.S. 1008 (1985) (citation and quotation omitted). The question, therefore, must be "one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *Id.* (quoting *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985). "If a court does find that a question raised on appeal is 'substantial,' it must then consider whether that question is 'so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'" *Id.* at 125 (quoting *Miller*, 753 F.2d at 23).

2

Moreover, a successful appeal "must result either in reversal, [a reduced sentence less the expected duration of the appeal process,] or a new trial on *every* count of conviction for which imprisonment has been imposed." *Razzouk*, 2018 WL 3062585, at *2 (citing *United States v. Foley*, 851 F. Supp. 507, 509 (D. Conn. 1994); *Morison v. United States*, 486 U.S. 1306, 1306, 108 S. Ct. 1837, 100 L. Ed. 2d 594 (1988)).

Sahachaisere pins his hope for success on appeal to an attack on the testimony of the case agent, FBI Special Agent ("S/A") Kurt Dengler. He argues that S/A Dengler's testimony, in part, was incompetent, improper, misleading, and/or false. The admission of that testimony into evidence, he contends, presents a "substantial question" entitling him to bail pending appeal. Of particular concern, Sahachaisere says, was that S/A Dengler was allowed, over his objection, to testify about the operation of Moneyline, without the government introducing Moneyline records into evidence. Furthermore, Sahachaisere argues that such testimony was misleading to the jury. He also asserts that the "summary testimony" provided by S/A Dengler was "blatant hearsay" and addressed matters about which he was incompetent. *See* Def. Mot. at 4-5.

None of defendant's protestations warrant bail pending appeal. The snippets of testimony by S/A Dengler called out as improper in defendant's motion, individually or collectively, fail to raise an issue on appeal that can be considered a "substantial question" within the meaning of § 3143(b)(1). These sort of evidentiary challenges do not ordinarily present any novel issues or involve unsettled areas of law. *See Randell*, 761 F.2d at 125. Nor is it likely that a finding in defendant's favor on one or all of these evidentiary questions would disturb the jury's findings of guilt. *See United States v. Block*, No. 16-CR-595 (JPO), 2017 WL 6550688, at *2 (S.D.N.Y. Dec. 22, 2017) (holding that defendant's evidentiary challenges did not present a substantial question, reasoning that "because the Court of Appeals reviews evidentiary rulings

under a deferential abuse-of-discretion standard...it is particularly unlikely that the convictions will be set aside on these grounds").

In any event, even if defendant had shown that a substantial question exists, his motion would still fail. As the Court emphasized in its Memorandum & Order of April 19, 2016, denying Sahachaisere's motion under Rules 29 and 33 of the Federal Rules of Criminal Procedure, the evidence presented in the government's case "was voluminous, comprehensive and overwhelmingly incriminating." Mem. & Order, dated April 19, 2016, at 2, Dkt. No. 394. Apart from S/A Dengler's testimony, the jury heard significant wire recordings, including of Sahachaisere himself participating directly in the scheme, and the live testimony from cooperating witnesses, all of which established Sahachaisere's participation in the charged pump and dump scheme.

Getting to the heart of the matter, as the government points out in its opposition papers, the topics covered in S/A Dengler's summary testimony were well-tread by other witnesses, including Sahachaisere's co-conspirators, Mohammed Dolah and Joseph Manfredonia. *See* Gov't Opp. at 3-4, 6. Understood in this light, none of the objections, which will be the subject of his appeal, now raised by defendant to support bail can be considered "so integral to the merits of the conviction...that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'" *Randell*, 761 F.2d at 125 (quoting *Miller*, 753 F.2d at 23). That is to say, success on these questions will not require reversal. Given its summary nature and that it was offered to fit the documentary, wire, and live testimony offered by others to describe the evidentiary trail as it was revealed, the admission of S/A Dengler's testimony, if deemed improper on appeal, would, at most, amount to harmless error. In short, Sahachaisere has not

4

carried his burden to show by clear and convincing evidence that his appeal presents a substantial question of fact or law likely to result in reversal, a new trial, or a reduced sentence.

## Conclusion

In line with the foregoing, defendant's motion for bail pending appeal is denied.

So Ordered.

Dated: Brooklyn, New York
July 16, 2018

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge